[Civ. No. 12556. Third Dist. Feb. 4, 1971.]

REGINALD O. PEREYDA, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Appellant.

48

---

**COUNSEL**

Van Dyke & Shaw and James C. Van Dyke for Plaintiff and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, and Anthony S. DaVigo, Deputy Attorney General, for Defendant and Appellant.

## OPINION

**BRAY, J.**\*—Defendant-appellant State Personnel Board appeals from that portion of an amended judgment granting a writ of mandate ordering the "Board" to vacate its dismissal of plaintiff-appellant Pereyda and to restore him to his employment as a correctional officer. Pereyda appeals from that portion of said amended judgment denying his request for back pay.

### QUESTION PRESENTED

Is the mere presence and possession of empty alcoholic containers, with no trace of alcoholic beverages, in view of Pereyda's explanation of their presence, sufficient to justify the hearing officer's finding that Pereyda did bring alcoholic beverages into the restricted area?

### RECORD

At the time crucial herein, Pereyda held the position of correctional officer, Deuel Vocational Institution. On September 12, 1968, the Director of the Department of Corrections caused to be filed with the State Personnel Board and served upon Pereyda its notice of punitive action of dismissal effective September 16. Pereyda appealed from that notice and requested a hearing thereon. The matter was heard before Robert L. Hill, hearing officer, State Personnel Board, and evidence was taken. The hearing officer sustained without modification the punitive action of dismissal. Thereafter the State Personnel Board approved and adopted the findings of fact and proposed decision of the hearing officer.

Pereyda then filed in the San Joaquin County Superior Court a petition for writ of mandate seeking reversal of the action of the State Personnel Board and his restoration to his position as correctional officer. At the hearing thereon, the administrative record was received in evidence. Thereafter the court entered judgment in favor of Pereyda's petition, followed by an amended judgment. This judgment ordered the State Personnel Board to restore Pereyda to his former position but denied his request for accrued back pay. The State Personnel Board appealed from that portion of the amended judgment restoring respondent to his position, and Pereyda appealed from that portion denying him back pay.

### THE LAW

It is important to consider the rules applicable to an appeal to the courts from an administrative determination of the kind involved here.

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

■ Since the State Personnel Board is a constitutional agency for all its adjudicatory activities (Cal. Const., art. XXIV; *Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634 [234 P.2d 981]), its decision, which is the subject of this review, may be set aside only if it is found to be unsupported by any substantial evidence. All reasonable inferences must be drawn in support of the findings of the Board (*Hingsbergen* v. *State Personnel Bd.* (1966) 240 Cal.App.2d 914 [50 Cal.Rptr. 59]; *Neely* v. *California State Personnel Bd.* (1965) 237 Cal.App.2d 487 [47 Cal.Rptr. 64]). The findings and determination of the Board come before the reviewing court with a strong presumption as to their correctness and regularity. (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 330-331 [253 P.2d 659]; *Gong* v. *City of Fremont* (1967) 250 Cal.App.2d 568, 573-574 [58 Cal.Rptr. 664].) The court may not take into account whatever evidence detracts from the weight of other evidence. (*Neely* v. *California State Personnel Bd., supra,* at p. 489.)

"The court may not substitute a decision contrary to that made by the department, even though such decision is equally or more reasonable, if the determination by the department is one which could have been made by reasonable people. . . ." (*Kirby* v. *Alcoholic Bev. etc. App. Bd.* (1968) 261 Cal.App.2d 119, 122 [67 Cal.Rptr. 628].)

Inferences based upon circumstantial evidence are sufficient to support a finding. (*People* v. *Goldstein* (1956) 139 Cal.App.2d 146, 155 [293 P.2d 495].)

With these rules in mind, we examine the charge against Pereyda and the evidence to support it. Incidentally, there is no conflict in the evidence, unless it be in the inferences to be drawn from it.

### DID RESPONDENT BRING ALCOHOLIC BEVERAGES INTO THE RESTRICTED AREA?

The charge against Pereyda which the State Personnel Board found was substantiated was that he was guilty of willful disobedience within the meaning of section 19572, subdivision (o), Government Code, in that in violation of section D5225 of the Rules for Personnel of the Department of Corrections he brought alcoholic beverages on the grounds of Deuel Vocational Institution.

In pertinent part that rule provides "No employee shall bring any kind of liquors of whatever alcoholic content . . . upon the grounds of any correctional institution. . . ." Pereyda admitted he understood this rule.

He admitted that on or about August 30, 1968, he had in his quarters on the institution grounds six empty wine bottles and about 20 empty beer cans.

The containers contained no alcohol. He denied that he had consumed the alcohol which had at one time been in the containers or that at any time while the containers were in his premises they had contained alcohol. His story of how they came to be in his quarters seems somewhat bizarre and justified the Board's disbelief in its veracity. Pereyda said he had a lady friend who told him that her landlord was religious. She asked Pereyda to take the containers plus two boxes of trash for disposal. He placed these articles in the trunk of his car. Pereyda refused to identify the woman because "she is recently married." At various points in his testimony Pereyda related that some of the beer cans were in paper bags while others were loose; that the containers were brought onto the premises in paper bags, that "most of it" was in paper bags; that "some of them must have been in . . . six pack containers" and that "two empty six packs was in two bags and I think there were three or four scattered ones."

Although Pereyda had intended to take the items to the dump, they remained in his possession for "several days or a week or two"; that he had obtained them "just a few days" prior to their discovery by the institution authorities; that they had been in his room for a "good number of days." Just how much of the time the containers were in his possession they were in the trunk of his car does not appear, but they were there until he needed the space to pack some clothes that his exwife had told him to pick up. He then placed them in his closet "to keep them out of sight until . . . [he] could get them back to the dump." Pereyda had had difficulty in getting these clothes so he was in a hurry to obtain them when his exwife told him to come and get them. He did not replace the containers in the trunk because it was full of clothes, and he did not like the idea of open containers in his auto. Pereyda did not drink wine but occasionally drank beer.

It was while Pereyda was on a two-day leave from the institution that the containers were discovered in his closet. Pereyda gave no explanation of why during all the period the containers remained in his possession he did not take them to the dump.

When found the containers contained no vestige of alcohol. They had been washed clean of their former contents. There was no evidence whatsoever that when brought into Pereyda's quarters, there was alcohol in the containers. ■ The finding of the Board that there was alcohol in them is based solely upon the inferences drawn by the Board to that effect from the facts that ordinarily one does not bring empty containers of this kind into his room and that Pereyda gave a rather weird explanation concerning their presence. The Board, of course, did not have to believe this explanation. But does the fact that the Board did not believe the explanation supply

evidence of the contents of the containers at the crucial time? We do not believe so.

In *People* v. *Carswell* (1957) 149 Cal.App.2d 395, 402 [308 P.2d 852], it was held that an explanation of possession of stolen goods which is rejected by the jury is sufficient corroboration of the fact that the defendant was implicated in the burglary in which the goods were obtained. But there the crime was proved by the evidence of the burglary, and the defendant's rejected explanation of his possession of the stolen goods did not serve to prove the crime, it served to prove his connection therewith. Thus, the burglary was proved whether the defendant's story was true or untrue. In the instant case Pereyda's story, true or untrue, did not prove that the containers contained liquor when brought on the premises. There still is no evidence that they did.

Pereyda's story undoubtedly raised a suspicion that the containers had contained alcohol but "[s]uspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact. [Citations.]" (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321]; to the same effect see *People* v. *Draper* (1945) 69 Cal. App.2d 781, 786 [160 P.2d 80], where the court pointed out that although the defendant was not truthful, raising the finger of suspicion against him, that was not enough to prove his guilt.)

In *People* v. *Draper, supra,* at page 785, the court stated that the untruthfulness of the defendants justified the jury in disbelieving their stories, but did not relieve the prosecution of proving their guilt.

Evidence Code section 520 states that a party who is guilty of wrongdoing has the burden of proof on that issue. The proceeding before the Board is a civil one, and hence the burden of proof requires only a preponderance of evidence. However, that fact does not mean that mere suspicion of a person's wrongdoing meets that burden.

In *Davis* v. *State* (1960) 40 Ala.App. 609 [119 So.2d 236], the court held that possession of empty beer cans did not establish a charge of possession of beer.

In *Davis* v. *State* (1928) 199 Ind. 739 [161 N.E. 2], the court held that the finding at the defendant's home of an empty pitcher and glass, which "had the odor of alcohol," without other evidence that there had been any alcohol in either, was not sufficient to support a finding of guilt of possession of intoxicating liquor.

Although the burden of proof in criminal cases is much higher than that in civil actions, the ruling in criminal cases that in order to prove a

person guilty of a crime there must be evidence of the crime other than a mere false story by the defendant must necessarily apply in a civil proceeding in which a person is charged with wrongdoing.

Section 412 of the Evidence Code provides: "If weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, *the evidence should be viewed with distrust.*" (Italics added.)

State Personnel Board contends that this section applies to Pereyda's refusal to identify the woman whom he claims gave him the bottles. But viewing this fact with distrust is no different from refusing to believe Pereyda's story. It does not prove that the bottles contained liquor when brought on the premises. For the same reason section 413, referring to a party's failure to explain evidence, does not apply. Pereyda did not deny the evidence. He admitted the only evidence in the case, namely, that he brought empty bottles on the premises, which, of course, was no violation of any rules. Likewise, he explained their presence there; the failure of the board to accept such explanation, as we have hereinbefore stated, did not prove any wrongdoing. Here, as said by the court in *Coomes* v. *State Personnel Board* (1963) 215 Cal.App.2d 770, 777 [30 Cal.Rptr. 639], concerning the appellant there, Pereyda's interest in the outcome of the proceeding and his story "might have evoked skepticism in the trier of fact; yet there was no other evidence to fasten him with guilty knowledge."

The superior court correctly found that there was no substantial evidence to support the Board's finding and order. ■ Obviously, as Pereyda was improperly discharged, the judgment denying his request for back pay is erroneous.

That portion of the judgment denying Pereyda's request for back pay is reversed. The judgment ordering a writ of mandate to issue commanding the State Personnel Board to annul Pereyda's dismissal and to reinstate him in his position is affirmed. Plaintiff-appellant Pereyda is to recover costs.

Pierce, P. J., and Regan, J., concurred.

The petition of the defendant and appellant for a hearing by the Supreme Court was denied March 31, 1971.