[Civ. No. 24513. Third Dist. Oct. 15, 1985.]

ALAN NORRIS, Plaintiff and Respondent, v.
STATE PERSONNEL BOARD et al., Defendants and Appellants;
DEPARTMENT OF CORRECTIONS,
Real Party in Interest and Respondent.

394

**COUNSEL**

John V. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General and Beth Lori Faber and Denise Eaton, Deputy Attorneys General, for Defendants and Appellants.

Lawrence J. Friedman and Michael P. White for Plaintiff and Respondent.

No appearance for Real Party in Interest and Respondent.

## Opinion

**REGAN, Acting P. J.**—The State Personnel Board (Board) appeals from the judgment of the trial court granting the petition for writ of mandate filed by Alan Norris. Norris appealed his dismissal from employment at the California Institution for Women (CIW) for having brought marijuana onto the institution grounds in his vehicle. His appeal was heard before an administrative law judge whose proposed decision upheld the disciplinary action. Board adopted the decision. The trial court granted Norris' petition based on his contention that Board's findings were not supported by substantial evidence he knowingly violated the law. Board contends the trial court erred in granting the petition by failing to rely on the evidence most favorable to Board's decision. We agree with Board, and reverse the judgment.

### Facts

Norris was employed by the Department of Corrections as a correctional officer at the California Institution for Women. Shortly after commencing his employment in February 1983, the administration of the institution received a signed memorandum from a CIW officer relating an off-duty incident on February 18, 1983, involving the use of marijuana by four officers, including Norris, while in Norris' car. That memo is not in evidence, nor did its author testify. However, on February 28, 1983, an agent from the law enforcement liaison unit, Alan Reid, was assigned to investigate. Reid advised Norris he was under investigation and asked whether Norris would allow a search of his car. Norris gave his permission. The car was searched, revealing three partially smoked handrolled marijuana cigarettes found in different places in the interior of the car. Norris was given his *Miranda*[1] rights, which he waived. Each person named in the initiating memo was investigated and searched. The only marijuana discovered was in Norris' car.

In his defense, Norris denied having knowledge of the marijuana in his car. He stated between February 5 and March 3, 1983, he lent his car to several friends, some of whom smoke marijuana. One of his closest friends was Steven Watts. He lent his car to Watts three to five times between February 18, 1983, and March 3, 1983. Norris testified Watts smokes marijuana "at least once a day, if possible." Watts corroborated his testimony, admitting he "probably" smoked marijuana every time he borrowed Norris' car and that he knew Norris was a correctional officer. During the search of his car, an officer asked Norris if he had smoked marijuana before.

---

[1] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Norris replied "[i]t had to be before the first of the year." Later, he stated, "to the best of my knowledge, 1974, when I was in college."

## DISCUSSION

Board made five findings with respect to Norris' dismissal:[2] (a) Norris was interviewed pursuant to an investigation initiated by a written complaint relating to Norris' use of marijuana in his car; (b) three partially smoked marijuana cigarettes were found in Norris' car parked on institution grounds; (c) Penal Code section 4573.6 and 15 California Administrative Code section 3410, subdivision (c), prohibit employees from bringing any drug onto the institution's grounds; (d) Norris' conduct violated the Administrative and Penal Codes, as well as Government Code section 19572, subdivisions (o) and (t); and (e) Norris' defense that he did not know the marijuana was in the car and it must have belonged to one of his friends, was not credible. Norris has not disputed that he drove and parked his car on institution grounds, and that his car had three marijuana cigarettes in it.

■ Board's findings must be sustained on appeal if the findings are supported by substantial evidence. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217, fn. 31 [124 Cal.Rptr. 14, 539 P.2d 774]; *Shepherd* v. *State Personnel Board* (1957) 48 Cal.2d 41, 47 [307 P.2d 4]; *Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 637 [234 P.2d 981].) All reasonable and legitimate inferences must be considered in support of the Board's decision. (*Lacabanne Properties, Inc.* v. *Dept. Alcoholic Bev. Control* (1968) 261 Cal.App.2d 181, 185 [67 Cal.Rptr. 734].) Additionally, an administrative determination comes before a reviewing court with the strong presumption of correctness and regularity. (*Drummey* v. *State Board of Funeral Directors* (1939) 13 Cal.2d 75, 85 [87 P.2d 848].)

■ Board contends substantial evidence supports the inference Norris *knowingly* brought marijuana onto the institution's grounds. We agree. Board considered and rejected Norris' defense that the marijuana did not belong to him and he did not know it was in his car, finding the defense "less than credible." Direct evidence established there were marijuana cigarettes in his car, and that he repeatedly lent his car to friends whom he knew regularly smoked marijuana. Norris stated Steven Watts, one of his friends who borrowed the car, used marijuana "at least once a day, if possible." He testified he knew Watts smoked marijuana when driving. Watts testified he smoked marijuana in Norris' car, both while driving and while parked. Watts testified he knew Norris was a correctional officer, and that

---

[2]Board also ruled on a reprimand as the subject of a separate, unrelated incident. Only the dismissal is the subject of the appeal.

Norris had never told him to make sure any of the marijuana was out of the car. Additionally, Norris admitted his past personal use of the drug and gave contradictory statements concerning his use when first confronted. Substantial evidence supports Board's conclusion that Norris' defense was not credible. Indeed, normal human experience does not lend support to Norris' defense that he never knew marijuana butts were in his car. As there is substantial evidence in the record to support Board's findings that Norris knowingly brought the marijuana onto the grounds, the trial court should have properly found Board's findings were supported by substantial evidence and denied the writ.

Norris argues Board's eight and ninth findings are not supported by substantial evidence because they ignored the knowledge requirements of Penal Code section 4573.6 and California Administrative Code, title 15, section 3410, subdivision (c), as well as Government Code section 19572, subdivisions (o) and (t).

Penal Code section 4573.6 states in part: "Any person who knowingly has in his possession in any state prison, . . . or any place where prisoners of the state are located under the custody of prison officials, . . . or any place or institution, where prisoners or inmates are being held under the custody of any sheriff, . . . or employees, . . . or within the grounds belonging to any such . . . institution, any narcotics, or drugs in any manner, shape, form, dispenser or container, . . . is guilty of a felony." Similarly, California Administrative Code, title 15, section 3410, subdivision (c), states in part: "Employees must not bring any kind of . . . drugs upon the grounds of an institution, . . . unless specifically authorized to do so . . . ." Norris contends Board has ignored the requirement of *knowing* possession. We disagree.[3]

By explicitly rejecting Norris' defense that he did not "know" of the marijuana in his car, it is clear that Board found he did *knowingly* bring the marijuana onto the institution's grounds. The trial court is bound to consider the evidence in the light most favorable to Board, accept all reasonable inferences in support of the decision, and resolve all conflicts in its favor. (*Maynard* v. *State Personnel Bd.* (1977) 67 Cal.App.3d 233, 237 [136 Cal.Rptr. 503].)

Norris also contends Board's disbelief of his defense does not create affirmative evidence to the contrary. He contends the inference he knew he

---

[3]We assume that proof of such knowledge is required for dismissal under these provisions in order to make the prohibited conduct relate to unfitness for the position and to give appropriate notice of what conduct is prohibited. (See, e.g., *Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214 [82 Cal.Rptr. 175, 461 P.2d 375].)

was bringing marijuana onto the institution grounds was improper, citing *Martin* v. *State Personnel Bd.* (1972) 26 Cal.App.3d 573, 584 [103 Cal.Rptr. 306] and *Pereyda* v. *State Personnel Board* (1971) 15 Cal.App.3d 47 [92 Cal.Rptr. 746].

In *Pereyda,* a correctional officer was dismissed for having 6 empty wine bottles and 20 empty beer cans in his quarters on the institution grounds. The defendant explained that a friend had asked him to take them to the dump for disposal. The Board disbelieved him and inferred the bottles and cans had contained alcohol in them while on the institution grounds. We determined this finding was unsupported by substantial evidence, stating: "[¶] Pereyda's story undoubtedly raised a suspicion that the containers had contained alcohol but '[s]uspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact. [Citations.]'" (*Pereyda, supra,* at p. 52.)

In *Martin,* we ruled multiple hearsay alone was insufficient to support the Board's findings. We also found that the defendant's unexplained possession of an unauthorized letter did not create an inference of knowledge sufficient to uphold the Board's decision.

There are significant differences between *Pereyda* and *Martin* and the case at bench. In *Pereyda,* we simply affirmed that the rejection of an explanation for the presence of the containers did not itself create an inference as to their contents. In so doing, we contrasted *People* v. *Carswell* (1957) 149 Cal.App.2d 395 [308 P.2d 852], where a rejected explanation of the possession of stolen goods was held sufficient to link a criminal defendant with a charge of burglary. The evidence here is akin to that in *Carswell.* The incredible defense, coupled with the circumstances of the presence of the marijuana in Norris' car and his own contradictory statements, sufficiently connects him with the marijuana so as to allow an inference of knowing possession.

*Martin* is like *Pereyda.* In *Martin,* we held that mere disbelief of a claimed lack of knowledge of the presence of the unauthorized letter did not create sufficient proof of the contrary. (26 Cal.App.3d at p. 584.) More is present here than the mere rejection of the defense. While the evidence is circumstantial, that "does not mean it cannot be 'substantial.' ██ Relevant circumstantial evidence is admissible in California" (*Hasson* v. *Ford Motor Co.* (1977) 19 Cal.3d 530, 548 [138 Cal.Rptr. 705, 564 P.2d 857, 99 A.L.R.3d 158]; Evid. Code, § 351) and can be substantial evidence for an inference based on it (*Pereyda, supra,* 15 Cal.App.3d at p. 50). Even where contradicted by direct testimony, the finder of fact is entitled to accept per-

suasive circumstantial evidence to the contrary. (*Hasson, supra,* 19 Cal.3d at p. 548.)

The judgment is reversed.

Sparks, J., and Gilbert, J.,* concurred.

The petition of plaintiff and respondent for review by the Supreme Court was denied January 15, 1986.

*Assigned by the Chairperson of the Judicial Council.