[No. C009734. Third Dist. Jan. 31, 1991.]

MEDICAL BOARD OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
MICHAEL VICTOR ELAM, Real Party in Interest.

COUNSEL

Daniel E. Lungren, Attorney General, Alvin J. Korobkin and Barry D. Ladendorf, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Turner & Sullivan, Richard K. Turner, Robert J. Sullivan and Lori Ann Joseph for Real Party in Interest.

OPINION

PUGLIA, P. J.—Petitioner Medical Board of California (Board) commenced an administrative disciplinary proceeding against real party in interest Michael Victor Elam, M.D. (Elam). (Bus. & Prof. Code, § 2220 et seq.) The administrative law judge (ALJ) found several charges of unprofessional conduct to be true, and rendered a proposed decision revoking Elam's license to practice as a physician. This decision was adopted by the Board, and Elam then sought judicial review via a petition for administrative mandate filed in respondent superior court pursuant to Code of Civil Procedure section 1094.5 (hereafter section 1094.5). Simultaneous with the filing of his petition in respondent court, Elam applied for a stay of the administrative order, which request was opposed by the Board. After a hearing, respondent court granted the stay pending resolution of the section 1094.5 proceeding. The Board, contending that the stay order is an abuse of discretion, petitions this court to set it aside. We shall grant the requested relief.

Elam's practice is limited to cosmetic and plastic surgery. The charges which led to the order of revocation arose out of his treatment of two patients between 1981 and 1985. The ALJ found that Elam and his associate, Dr. Berkowitz, performed cosmetic surgeries on two female patients which would ordinarily not have been covered by their insurance carriers. In order to obtain reimbursement from the insurers, the doctors allegedly falsified office and hospital records, and submitted fraudulent claims information to the companies. These false documents represented that covered procedures had been performed. In addition, with regard to one of the patients, the ALJ found Elam performed surgical procedures beyond those originally consented to, knowing that the "informed consent" to the additional treatment was not freely and voluntarily given. The decision of the ALJ also commented on Elam's credibility, concluding that he was dishonest, "has no compunction about lying, even under oath, . . ." and was guilty of colluding with his office assistant in the giving of false testimony.

Section 1094.5, subdivision (h)(1) grants the superior court authority to stay the decision of an administrative agency in a case involving a physician only if it finds that (1) ". . . the public interest will not suffer . . ." and (2) the ". . . agency is unlikely to prevail . . . on the merits . . . ." The Board contends neither of these criteria was satisfied by Elam's showing in respondent court. Because we agree Elam failed to establish the agency is unlikely to prevail, we need not consider the "public interest" criterion. We shall therefore not address the Board's arguments that the respondent court improperly considered evidence in the form of letters from third parties and that it imposed conditions on the stay order which were beyond its jurisdiction, since both the challenged evidence and conditions relate to the issue of whether the public would be endangered by allowing Elam to continue practicing medicine during the pendency of his administrative mandate proceeding in respondent court.

The standard to be applied by trial courts when considering whether to stay an administrative order pursuant to section 1094.5, subdivision (h) was enunciated in *Board of Medical Quality Assurance* v. *Superior Court* (*Willis*) (1980) 114 Cal.App.3d 272 [170 Cal.Rptr. 468]. In that case the trial court interpreted the statutory language requiring a showing that the " 'agency is unlikely to prevail' " as meaning that the disciplined physician only had to make a " 'prima facie showing of a possible viable defense, which if accepted by the reviewing Court would result [*sic*] or would cause that reviewing Court to reach a different decision.' " (*Id*. at p. 276.) The appellate court rejected this construction, holding instead that "[t]he statute mandates a preliminary assessment of the merits of real party's petition and a conclusion that he is likely to obtain relief therein. In short, the statute requires more than a conclusion that a possible viable defense exists." (*Ibid.*)

Here, we find nothing in the record before the respondent court which would support a finding the agency is unlikely to prevail. To the contrary, the only evidence submitted regarding the merits is a declaration from the attorney who represented Elam at the administrative hearing. This declaration simply recounts, in selective and conclusional fashion, Elam's response to each of the findings in the ALJ's proposed decision, which support the ALJ's conclusion that the charges brought by the Board were in substantial part true. However, no effort is made to describe, much less directly rebut, the evidence supporting the Board's accusations. Elam has done nothing more than present to the trial court his version of the material events, which, if credited by the trier of fact, might lead to a different result. He merely reiterates the defense arguments previously rejected by the ALJ and the Board. This is exactly the type of showing the court in *Willis, supra,* 114 Cal.App.3d 272, found insufficient.

In response to our notification that we were contemplating issuing a peremptory writ of mandate in the first instance (see *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]) Elam submitted further arguments. None of these requires extended discussion. First, he contends that he has a "strong" laches defense to the oldest of the charges. ■ While there is authority to the effect that agency delay in the filing of an administrative accusation may result in dismissal of the case, that is true only if the delay is unreasonable and results in prejudice to the licensee. (*Gates* v. *Department of Motor Vehicles* (1979) 94 Cal.App.3d 921, 925-926 [156 Cal.Rptr. 791]). These are questions of fact. (*Ibid.*)

■ Regardless of the potential merits of laches as a defense in this case, we find nothing in the record indicating that Elam raised it in the course of the administrative proceedings or in the respondent court. That failure precludes him from doing so at this stage, since our concern is whether the respondent court acted properly on the record before it. (*Mission Imports, Inc.* v. *Superior Court* (1982) 31 Cal.3d 921, 927, fn. 5 [184 Cal.Rptr. 296, 647 P.2d 1075]; and see Cal. Administrative Hearing Practice (Cont.Ed.Bar 1984) § 4.67, pp. 265-266.)

Elam next alleges that the likelihood of his prevailing is enhanced because the physician he describes as the "chief witness" against him was motivated by "long-standing bias" arising out of professional rivalry. Even assuming this claim contains a kernel of truth (an assumption not supported by any cognizable evidence), Elam does not explain how the existence of such a bias diminishes the force of the evidence of falsified records, fraudulent insurance claims, and improper pressuring of at least one patient to undergo surgery.

Finally, Elam asserts that allowing the revocation order to take effect prior to a full trial de novo in respondent court violates Elam's right to "due process." No authority is cited in support of this claim, and we are aware of none. (See, to the contrary, 7 Witkin, Summary of Cal. Law (9th ed. 1988), Constitutional Law, § 555, p. 765.) The revocation of Elam's license has been ordered "only after the administrative agency had conducted a full due process hearing and made an administrative determination that the physician is no longer qualified to possess a license to practice." (*Board of Medical Quality Assurance* v. *Superior Court (Willis)*, *supra*, 114 Cal.App.3d at pp. 276-277.) Enforcement of that order pending judicial review deprives Elam of no recognized constitutional protection.

For the foregoing reasons, we conclude respondent superior court abused its discretion in staying the administrative order. Let a peremptory writ of mandate issue directing respondent court to set aside its order granting

Elam's request for a stay, and enter a new order denying that application. The stay by this court is vacated.

Carr, J., and Sims, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied April 17, 1991.