[No. C014832. Third Dist. Mar. 23, 1993.]

ENRIQUETA SILVA, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
THOMAS HEERHARTZ, as Acting Executive Director, etc., Real Party in
Interest.

## Counsel

Paul Spackman and Russell Iungerich for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, and Richard D. Marino, Deputy Attorney General, for Real Party in Interest.

## Opinion

**SIMS, Acting P. J.**—Petitioner Enriqueta Silva, M.D., seeks a writ of mandate directing respondent superior court to set aside its order denying her petition for writ of administrative mandamus. The real party in interest, the Medicial Board of California (Board), obtained an administrative interim order suspending Silva's medical license, pursuant to Government Code section 11529.[1]

Although Silva asserts numerous challenges to the administrative action, the primary issue raised by this petition is the correct standard of proof to be applied in a proceeding brought under section 11529. The administrative law judge (ALJ) hearing the cause applied a preponderance of the evidence standard. We shall conclude the appropriate standard is by clear and convincing evidence to a reasonable certainty. We shall therefore issue a writ directing the trial court to stay the suspension order.

I

### Facts and Procedural History

Silva is a licensed physician in the State of California. In January 1991, Silva signed a "stipulated settlement decision and order," which settled an accusation filed against her by the Board. Pursuant to that order, Silva agreed that her license would be revoked, but the revocation would be stayed and Silva placed on probation for seven years. One term of Silva's probation requires that she "shall not permit Salvador Francisco Cano . . . to enter the

---

[1]Further statutory references to sections of an undesignated code are to the Government Code.

premises at any location where [Silva] practices medicine, treats patients, maintains a medical practice, or at any facility where patients are treated or medicine is practiced and at which [Silva] has any interest of any kind." Cano, who is Silva's husband, is not licensed to practice medicine in this state. An additional term of Silva's probation provides that should Silva violate her probation in any respect, the Board, after providing notice and an opportunity to be heard, may revoke probation and carry out the disciplinary order that was stayed.

In October 1992, the Board filed with its Division of Medical Quality (Division) an amended petition for an interim order suspending Silva's license, pursuant to section 11529.[2] The amended petition alleges in substance that Silva permitted her husband, Cano, to practice medicine at clinics

[2]Section 11529 provides in relevant part: "(a) The Division of Medical Quality and the California Board of Podiatric Medicine, and the administrative law judge as designated in subdivision (a) of Section 11371, sitting alone, may issue an interim order suspending a license, or imposing drug testing, continuing education, supervision of procedures, or other license restrictions. Interim orders may be issued only if the affidavits in support of the petition show that the licensee has engaged in, or is about to engage in, acts or omissions constituting a violation of the Medical Practice Act or the appropriate practice act governing each allied health profession, and that permitting the licensee to continue to engage in the profession for which the license was issued will endanger the public health, safety, or welfare.

"(b) All orders authorized by this section shall be issued only after a hearing conducted pursuant to subdivision (d), unless it appears from the facts shown by affidavit that serious injury would result to the public before the matter can be heard on notice. Except as provided in subdivision (c), the licensee shall receive at least 15 days' prior notice of the hearing, which notice shall include affidavits and all other information in support of the order.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For the purposes of the hearing conducted pursuant to this section, the licentiate shall, at a minimum, have the following rights:

"(1) To be represented by counsel.

"(2) To have a record made of the proceedings, copies of which may be obtained by the licentiate upon payment of any reasonable charges associated with the record.

"(3) To call, examine, and cross-examine witnesses.

"(4) To present and rebut evidence determined to be relevant.

"(5) To present oral argument.

"(e) The Division of Medical Quality shall hear any petition requesting an interim order and conduct the hearing pursuant to subdivision (d), or may, in its sole discretion, delegate any such matter to be heard by an administrative law judge as designated in subdivision (a) of Section 11371.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) Where an interim order is issued, a written decision shall be prepared within 15 days of the hearing, by the division or the administrative law judge as designated in subdivision (a) of Section 11371, or by the California Board of Podiatric Medicine including findings of fact and a conclusion articulating the connection between the evidence produced at the hearing and the decision reached.

"(h) Notwithstanding the fact that interim orders issued pursuant to this section are not issued after a hearing as otherwise required by this chapter, interim orders so issued shall be subject to judicial review pursuant to Section 1094.5 of the Code of Civil Procedure. The relief which may be ordered shall be limited to a stay of the interim order. Interim orders

where Silva maintains a medical practice or in which she has a financial interest.

An ALJ designated by the Division conducted a hearing on the petition for interim suspension order. In his decision, the ALJ found that Silva's husband, Cano, practiced medicine at one of Silva's medical clinics on June 25, July 9 and 29, and August 20, 1992, and that, from the whole record, it is inferred Silva knew her husband was seeing patients at her practice and intended to permit him to continue to do so. The ALJ indicated, "[Silva's] repeated course of conduct in allowing her unlicensed husband to see her patients notwithstanding custom and the law, as well as repeated orders to the contrary by lawfully constituted authority, raise an inference of contumacious misconduct so gross in degree as to justify an order of interim suspension notwithstanding the financial detriment she will suffer in the normal course of such suspension."

The ALJ concluded the Board established "*by a preponderance of the evidence*" that Silva engaged in and will continue to engage in acts or omissions constituting violations of the Medical Practice Act by committing unprofessional conduct, as defined by Business and Professions Code section 2234, subdivision (a), in that she failed to comply with the lawful terms of her probation. Moreover, the ALJ indicated, permitting Silva to practice medicine will endanger the public health and safety. Accordingly, the ALJ ordered Silva's license suspended pending the resolution of an accusation to be filed against her by the Board.

In accordance with section 11529, subdivision (h) (see fn. 2, *ante*), Silva then filed in the respondent court a petition for writ of administrative mandamus. Silva subsequently filed a document entitled "ex parte application for temporary stay of interim suspension order." Following the filing of opposition by the Board, the respondent court denied the application for issuance of an alternative writ and the application for a temporary stay order.

Silva sought review of the respondent court's order by petition for writ of mandate in this court. We notified the parties we were considering issuing a peremptory writ of mandate in the first instance and that any further opposition to the petition was to be timely filed. We also stayed enforcement of the interim suspension order pending receipt of opposition and further order of this court. The Board has filed opposition.

issued pursuant to this section are final interim orders and, if not dissolved pursuant to subdivision (c) or (f), may only be challenged administratively at the hearing on the accusation. . . ."

## II

### STANDARD OF PROOF UNDER SECTION 11529

Section 11529 is silent as to the standard of proof to be applied by the ALJ at the hearing on the Board's application for an interim order. (See fn. 2, *ante*.)

 Silva contends the ALJ erroneously applied the preponderance of the evidence standard of proof at her section 11529 hearing. We agree.

In *Ettinger v. Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853, 856 [185 Cal.Rptr. 601], the court held the "clear and convincing proof to a reasonable certainty" standard of proof applies at Board administrative proceedings to revoke or suspend a medical license. The *Ettinger* court explained that the higher "clear and convincing" standard has been applied in disciplinary proceedings against other professional licensees, such as real estate brokers and attorneys. Although attorney discipline proceedings have a "nature all their own, neither civil nor criminal," nevertheless the purpose of attorney discipline proceedings and doctor license suspension proceedings is identical. "Since it is apparent that the underlying purpose of disciplining both attorneys and physicians is protection of the public, it would be anomalous to require a higher degree of proof in disciplinary hearings involving attorneys or real estate agents than in hearings involving physicians." (*Id.* at pp. 855-856.)

The *Ettinger* court distinguished cases applying the preponderance of evidence standard to compensation benefits hearings and public employee discipline hearings. "A careful examination of these cases shows a difference between the policy considerations and interests involved there and those connected with the instant case. Neither *Perales* [v. *Department of Human Resources Dev.* (1973) 32 Cal.App.3d 332 (108 Cal.Rptr. 167)], *Pereyda* [v. *State Personnel Board* (1971) 15 Cal.App.3d 47 (92 Cal.Rptr. 746)], nor *Skelly* [v. *State Personnel Bd.* (1975) 15 Cal.3d 194 (124 Cal.Rptr. 14, 539 P.2d 774)] was dealing with the revocation or suspension of professional licenses. Both *Skelly* and *Pereyda* involved action taken by the state against its employees. It seems only logical to require a higher standard of proof when dealing with revocation or discipline of a professional licensee as opposed to mere termination of state employment. The former affects one's right to a specific professional employment, while the latter involves only the right to be employed by a specific employer. It is the totality of professional employment opportunity involving vested interest

rights which requires the higher standard." (*Ettinger* v. *Board of Medical Quality Assurance, supra,* 135 Cal.App.3d at p. 857.)[3]

There is no logical distinction between the physician's interests affected by the license suspension or revocation procedure discussed in *Ettinger* and the section 11529 interim suspension procedure at issue here. In *Ettinger,* the Board suspended the physician's license for one year, but stayed the suspension and placed the physician on probation for one year. (135 Cal.App.3d at p. 854.) Here, the ALJ suspended Silva's physician's license which obviously has a greater impact on her interests than the probationary order in *Ettinger.*

 We have no occasion to determine if the rule stated in *Ettinger* is of constitutional origin. The Legislature has expressly declined to apply the preponderance of evidence standard in section 11529 interim proceedings.[4] The Legislature added section 11529 as part of the "Medical Judicial Procedure Improvement Act" (Stats. 1990, ch. 1597, §§ 35, 39) by enacting Senate Bill No. 2375, 1989-1990 Regular Session.[5] As initially introduced, section 11529 would have established a "preponderance of competent evidence" standard of proof for interim order proceedings. (Sen. Bill No. 2375, 1st reading Feb. 28, 1990 (1989-1990 Reg. Sess.) § 30.) However, the Senate amended section 11529 to delete the preponderance of evidence standard. (Sen. Bill No. 2375, as amended Apr. 24, 1990 (1989-1990 Reg. Sess.) § 38.)

 "The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision. [Citations.]" (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607 [45 Cal.Rptr. 512]; see also *California Mfrs. Assn.* v. *Public Utilities*

---

[3] *Ettinger* distinguished the public employee cases for two more reasons: "Additionally, the goals of the court in *Skelly* and those involved in the case at hand are fundamentally different. As was noted in *Skelly,* the civil service system attempts to abolish the political spoils system and promote the efficiency of state employees. [Citation.] These concerns are neither present nor relevant to the instant case. Further, state employees may be disciplined or terminated on grounds which would be insufficient to attack them in their licensed professions. [Citation.]" (*Ettinger* v. *Board of Medical Quality Assurance, supra,* 135 Cal.App.3d at p. 858.)

[4] "Assistance in construing a statute can be obtained by reference to the legislative history or purpose of the statute." (*People* v. *Yoshimura* (1976) 62 Cal.App.3d 410, 415 [133 Cal.Rptr. 228]; see also *People* v. *Superior Court (Guerrero)* (1962) 199 Cal.App.2d 303, 310 [18 Cal.Rptr. 557].)

[5] Silva requests judicial notice of a variety of legislative materials pertaining to the Medical Judicial Procedure Improvement Act. Although the Board has not objected to our taking judicial notice, we find the materials to have no relevance to the question of the standard of proof at a section 11529 proceeding, and therefore decline to take judicial notice of them.

*Com.* (1979) 24 Cal.3d 836, 846 [157 Cal.Rptr. 676, 598 P.2d 836]; *Madrid v. Justice Court* (1975) 52 Cal.App.3d 819, 825 [125 Cal.Rptr. 348].) We must conclude the Legislature did not intend that the preponderance of the evidence standard would apply in interim order proceedings.

Moreover, the Legislature was presumably aware of the decision in *Ettinger* v. *Board of Medical Quality Assurance, supra,* 135 Cal.App.3d 853 and enacted section 11529 in light thereof. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241].) By expressly rejecting the preponderance of evidence standard, and by failing to prescribe a standard other than clear and convincing evidence, the Legislature presumably intended that the clear and convincing evidence standard should apply to section 11529 interim proceedings.

For these reasons, we conclude the ALJ should have applied a clear and convincing evidence standard.

### III

#### REMEDIES

We need not address the parties' arguments regarding whether the evidence warrants suspension of Silva's license under the clear and convincing evidence standard of proof. Except in circumstances not present here, the role of an appellate court does not include making factual findings. "[W]e are not in position to assume that the [trier] would make the same findings under [section 11529] which it made using the preponderance of evidence test." (*In re Terry D.* (1978) 83 Cal.App.3d 890, 899 [148 Cal.Rptr. 221] [reversing judgment sustaining petition to declare children free from parental custody and control where trial court erroneously applied preponderance of evidence rather than clear and convincing evidence test]; see also *Lillian F.* v. *Superior Court* (1984) 160 Cal.App.3d 314, 317 [206 Cal.Rptr. 603] [issuing writ of mandate to compel trial court to apply clear and convincing rather than preponderance test without discussion whether evidence sufficient under more stringent test].)

 Moreover, we will not direct the respondent court to analyze the evidence under the clear and convincing evidence test. In *Ettinger* v. *Board of Medical Quality Assurance, supra,* 135 Cal.App.3d 853, the appellate court reversed the superior court's order denying a petition for writ of mandamus to review the Board's order suspending the physician's license. *Ettinger* recognized that the superior court's function on writ review of a medical license suspension proceeding is to analyze the evidence under the weight of

the evidence test set out in Code of Civil Procedure section 1094.5, subdivision (c), which is synonymous with the preponderance of the evidence test. (*Id.* at p. 858.) Hence, rather than directing the superior court to consider the evidence under the clear and convincing evidence test, which the superior court is not authorized to do, the appellate court ordered the issuance of the mandamus writ "directing the Board to reinstate the certificate here in issue until such time as it redetermines the cause." (*Ibid.*)

This analysis was explained in *Gardner v. Commission on Professional Competence* (1985) 164 Cal.App.3d 1035 [210 Cal.Rptr. 795]. There, the appellate court rejected a fired teacher's contention that the administrative agency reviewing his termination should have applied the clear and convincing, rather than preponderance of evidence, standard of proof. (*Id.* at pp. 1038-1040.) In a footnote, the court explained: "We agree with Gardner that if the Commission had been required to apply the higher standard of proof, he would be entitled to a new hearing even though the superior court must employ the basic preponderance of the evidence test. . . . The findings of the agency come to the trial court, even in the 'independent judgment' context '"with a strong presumption of their correctness . . ."' [citations]. Therefore, an administrative agency is required to apply the proper standard of proof. (See *Ettinger v. Board of Medical Quality Assurance, supra*, 135 Cal.App.3d at p. 856.)" (*Gardner v. Commission on Professional Competence, supra*, 164 Cal.App.3d at p. 1039, fn. 2.)

However, unlike the context of an accusation license suspension proceeding, as in *Ettinger*, here a specific statutory provision limits the remedies available to the reviewing court. Subdivision (h) of section 11529 provides in pertinent part: "The relief which may be ordered shall be limited to a stay of the interim order." Thus, we may not direct the respondent court to issue a writ of mandamus directing the Division or its ALJ to reconsider the evidence under the clear and convincing evidence test. ▬ █ We must, instead, order respondent court to stay the interim order.[6]

---

[6]The Board argues that we must defer to the respondent court's order denying the application for temporary stay because subdivisions (g) and (h) of Code of Civil Procedure section 1094.5 give the superior court discretion to deny a writ challenging administrative action where a stay is against public interest. Subdivision (h) does not apply to section 11529 proceedings because section 11529 does not provide for "a hearing required . . . to be conducted under the provisions of the Administrative Procedure Act" (APA) (§ 11500 et seq.); although section 11529 is part of the APA, it provides for its own hearing procedures rather than the hearing procedures of the APA. (Cf. *Medical Bd. of California v. Superior Court* (1991) 227 Cal.App.3d 1458 [278 Cal.Rptr. 247] [issuing writ of mandate to overturn temporary stay of medical license revocation order, following accusation, because no showing that agency unlikely to prevail, as required by subd. (h)].) Moreover, subdivision (g) of Code of Civil Procedure section 1094.5 is inapplicable here because the respondent court's order

Because we conclude a stay of the interim order must issue, we need not address Silva's additional arguments regarding whether exigent circumstances are required for a section 11529 interim order, the existence of less onerous sanctions than interim suspension, whether the suspension order was a punitive abuse of discretion, and the extent of discovery authorized in a section 11529 proceeding. ■ Nor do we believe petitioner is entitled to an award of attorney fees under section 800. The ALJ's application of the preponderance of evidence standard was an error of law, but "erroneous interpretation of the law does not necessarily mean the [ALJ's] action was arbitrary or capricious." (*Burdick* v. *Board of Retirement* (1988) 200 Cal.App.3d 1248, 1256 [246 Cal.Rptr. 555].) We find nothing in the record to suggest the ALJ acted arbitrarily or out of caprice.

■ Finally, assuming the Board's contention is correct that Silva's petition for writ of mandate was improperly verified because on information and belief (but see *Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App.3d 431, 436 [253 Cal.Rptr. 587]), nevertheless, on January 25, 1993, Silva filed a supplemental verification, without objection, which recites under penalty of perjury that the allegations of the petition are true of Silva's own knowledge.

■ "Mandamus is issued 'to compel the performance of an act which the law specially enjoins . . . .' (Code Civ. Proc., § 1085.) Although mandamus does not generally lie to control the exercise of judicial discretion, the writ will issue 'where, under the facts, that discretion can be exercised in only one way.' (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Hurtado* v. *Superior Court* (1974) 11 Cal.3d 574, 579 [114 Cal.Rptr. 106, 522 P.2d 666].)" (*Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695].)

"Mandamus is appropriate 'where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.' Code Civ. Proc., § 1086." ■ As it appears the respondent court intended no further action on the mandamus petition filed below, respondent's order denying the application for alternative writ of mandamus is appealable. (*Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81 Cal.App.3d 48, 56-57 [146 Cal.Rptr. 155]; *Kingston* v. *Dept. of Motor Vehicles* (1969) 271 Cal.App.2d 549, 551-552 [76 Cal.Rptr. 614].) However, "when the remedy by appeal is rendered inadequate in the context of a specific case, this court may, in its discretion,

did not merely deny a request for temporary stay but effectively denied Silva's mandamus petition in toto. Finally, it goes without saying that a trial court's discretion to deny a request for stay cannot take precedence over its mandatory duty to ensure that administrative agencies conduct proceedings in accordance with law; in this case, that is, under the clear and convincing evidence standard of proof.

permit an aggrieved party to bypass the appellate process and pursue extraordinary relief." (*California Trial Lawyers Assn.* v. *Superior Court* (1986) 187 Cal.App.3d 575, 579 [231 Cal.Rptr. 725].) " '[T]he issues presented are of great public importance and must be resolved promptly[,]' " and we shall therefore exercise our original mandamus jurisdiction. (*California Educational Facilities Authority* v. *Priest* (1974) 12 Cal.3d 593, 598 [116 Cal.Rptr. 361, 526 P.2d 513], quoting *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 845 [59 Cal.Rptr. 609, 428 P.2d 593]; see also *Robbins* v. *Superior Court, supra,* 38 Cal.3d at p. 205; *Industrial Welfare Com.* v. *Superior Court* (1980) 27 Cal.3d 690, 699-700 [166 Cal.Rptr. 331, 613 P.2d 579].)

Having complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a peremptory writ of mandate in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order of November 24, 1992, denying petitioner's application for temporary stay and issuance of an alternative writ, and to enter a new order issuing a stay of the underlying interim order pursuant to section 11529, subdivision (h). Upon this decision becoming final, the stay previously issued is vacated.

Nicholson, J., and Raye, J., concurred.

A petition for a rehearing was denied April 21, 1993, and the opinion was modified to read as printed above. The petition of real party in interest for review by the Supreme Court was denied June 10, 1993.