TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-812 |
| of | : | |
| | : | January 19, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE STEVE BALDWIN, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May a school district purposefully exclude military service representatives from access to pupil directory information?

CONCLUSION

A school district may purposefully exclude military service representatives from access to pupil directory information.

ANALYSIS

The present inquiry concerns the authority of a school district to prohibit access by military recruiters to student directory information. Such information is defined in Education Code section 49601, subdivision (c),[1] as:

". . . student's name, address, telephone number, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and

---

[1] All section references herein are to the Education Code, except as otherwise expressly indicated.

.                                                                                       94-812

height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous public or private school attended by the student."

Section 49073 provides:

"School districts shall adopt a policy identifying those categories of directory information as defined in subdivision (c) of Section 49061 which may be released. The district shall determine which individuals, officials, or organizations may receive directory information, provided, however, that no information may be released to a private profitmaking entity other than employers, prospective employers and representatives of the news media, including, but not limited to, newspapers, magazines, and radio and television stations. . . ."[2]

Section 49073.5, subdivision (a) states:

"It is the intent of the Legislature that a school district, in adopting a policy pursuant to Section 49073 governing the release of pupil directory information, not purposefully exclude any military services representative from access to that information."[3]

Specifically, we are asked whether a school district may adopt a policy which purposefully precludes the release of directory information to military service representatives. For example, may a district adopt a policy allowing specified individuals, officials, and organizations to receive student directory information, but exclude military service representatives from such access? We conclude that a school district may bar military recruiters from access in the circumstances under consideration.[4]

We first consider whether section 49073.5, enacted in 1991 (Stats. 1991, ch. 299, § 1), purports to interpret the unequivocal terms of section 49073 as enacted 15 years earlier (Stats. 1976, ch. 1010, § 2). Of course, a subsequent expression of the Legislature bearing upon the intent of a prior statute which is unclear may be properly considered in determining the effect and meaning of the prior statute. (*California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 213-214; *Tyler* v. *State of California* (1982) 134 Cal.App.3d 973, 977.) However, the view of a subsequent Legislature of the meaning of a prior Legislature's enactment is not controlling. (*California Teachers Assn.* v. *Cory*

---

[2]Section 49073 prevails over provisions of the California Public Records Act (Gov. Code, §§ 6250-6269) to the extent that it pertains to public access to student records. (§ 49060.)

[3]Subdivision (b) of section 49073.5 declares "the intent of the Legislature that . . . school districts minimize the release of pupil telephone numbers in the absence of express parental consent."

[4]We have no occasion here to examine the import of the term "purposeful." By way of example, however, the last sentence of section 49073 provides: "No directory information shall be released regarding any pupil when a parent has notified the school district that such information shall not be released." Presumably, the refusal under those circumstances to release information to anyone, including military representatives, would not be purposeful.

(1984) 155 Cal.App.3d 494, 506-507; *County of Sacramento* v. *State of California* (1982) 134 Cal.App.3d 428, 433-434, fn. 5; 71 Ops.Cal.Atty.Gen. 129, 138 (1988).)   As stated in *Del Costello* v. *State of California* (1982) 135 Cal.App.3d 887:

> ". . . The Legislature has no authority to interpret a statute.  That is a judicial task.  The Legislature may define the meaning of statutory language by a present legislative enactment which, subject to constitutional restraints, it may deem retroactive.  But it has no legislative power simply to say what it *did* mean. . . ."  (*Id.*, at p. 893, fn. 8.)

In our view, section 49073 is neither ambiguous nor unclear, and therefore provides no basis for a subsequent interpretation which would except from its patently discretionary terms ("The district shall determine which individuals, officials, or organizations may receive directory information . . ."), military service representatives or any other category of personnel.  On the contrary, where the Legislature at the time of section 49073's enactment intended to except a category of individuals or groups, it did so by unequivocal expression (". . . provided, however, that no information may be released to a private profitmaking entity other than employers . . .").  Accordingly, subdivision (a) of section 49073.5 does not constitute an interpretation of section 49073, but must be granted independent, prospective significance.

Looking only, then, at the terms of section 49073.5, subdivision (a), we find the introductory phrase:  "It is the intent of the Legislature that . . . ."  Ordinarily, the Legislature imposes a prohibition in unequivocal terms (e.g., "A school district, in adopting a policy pursuant to Section 49073 . . . , shall not purposefully exclude . . ."), and not by way of a mere declaration of intent to do so.[5]   Is there any indication that the words were intended to be prohibitory here?

In analyzing statutory language, we are guided by traditional precepts of interpretation.  Our task is to ascertain the intent of the Legislature so as to effectuate the purpose of the law.  We first examine the words of the statute themselves, attributing to the language its usual, ordinary import and according significance, if possible, to every word, phrase, and sentence thereof, avoiding surplusage.  (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230; 73 Ops.Cal.Atty.Gen. 1, 4 (1990).)  The words must be construed in context, and statutes relating to the same subject must be harmonized, both internally and with each other, to the extent possible.  (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387; 75 Ops.Cal. Atty.Gen. 251, 253-254 (1992).)  Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered.  (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844; 77 Ops.Cal.Atty.Gen. 185, 189 (1994).)

As previously indicated, section 49073.5, subdivision (a) appears to constitute a mere declaration of intention.  This view is confirmed by the legislative history of section 49073.5 -- no

---

[5]Compare, e.g., the introductory portion of section 49076:  "A school district *is not authorized* to permit access to pupil records to any person . . . except that:  (a) Access to those particular records . . . *shall be permitted* to the following:  . . . ." (Emphases added.)

absolute prohibition was intended. When the legislation that ultimately resulted in the enactment of section 49073.5 was first introduced on March 5, 1991, as Assembly Bill No. 1105 (1991-1992 Reg. Sess.), it provided as follows:

> "Notwithstanding any other provision of law, governing boards of school districts shall not establish any policy that has the effect of denying requests of military recruiters for a list of high school graduates."

Opposition to the bill came from school districts throughout the state and from the California School Boards Association. On April 18, 1991, the bill was amended as follows:

> "Notwithstanding any other provision of law, governing boards of school districts shall not adopt policy resolutions for the sole purpose of prohibiting any military services representative from obtaining pupil directory information."

School districts continued to notify the Legislature that they opposed the bill, as amended, because it would remove local control over whether military service representatives should be given pupil directory information. On June 26, 1991, in the Senate Committee on Education, the bill failed passage by a 3-4 vote. However, reconsideration was granted, and on July 11, 1991, the bill was amended to read as section 49073.5 provides currently. The report of the Senate Committee on Education described the change in language as follows:

> ". . . [T]his bill would specify legislative intent, rather than a declarative edict, that governing boards of school districts shall not purposefully exclude military service representatives from gaining access to pupil directory information.
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> "This bill would express legislative intent that governing boards of school districts should not adopt policies that purposefully exclude the military services from gaining access to pupil directory information."

Our initial view of section 49073.5 was thus correct; the legislation was intended to express the Legislature's hope, not its command. "`Successive drafts of a bill may be helpful in construing a statute . . . .'" (*O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334.) "`The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision.'" (*Silva* v. *Superior Court* (1993) 14 Cal.App.4th 562, 570.) "[R]eports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]" (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465; cf., *People* v. *Jeffers* (1987) 43 Cal.3d 984, 993-997.)

It is concluded that pursuant to the terms of section 49073, a school district may purposefully exclude military service representatives from access to pupil directory information.

\* \* \* \* \*