135 Cal.App.3d 853 (1982)
185 Cal. Rptr. 601
MARVIN MORRIS ETTINGER, Plaintiff and Appellant,
v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and Respondent.
Docket No. 63045.
Court of Appeals of California, Second District, Division Five.
September 16, 1982.
*854 COUNSEL
Patrick J. Perry and Newman, Chrisman & Faith for Plaintiff and Appellant.
George Deukmejian, Attorney General, and William L. Carter, Deputy Attorney General, for Defendant and Respondent.
OPINION
STEPHENS, Acting P.J.
This is an appeal from a judgment entered on May 13, 1981, denying appellant's petition for writ of mandate. The sequence of events leading up to the denial of that petition is as follows:
On October 24, 1979, an accusation was filed before respondent, Board of Medical Quality Assurance of the Department of Consumer Affairs of the State of California (Board), alleging that appellant, Marvin Morris Ettinger, M.D., was incompetent and grossly negligent in his treatment of a patient, Solomon Kachok. A supplemental accusation was subsequently filed with respondent on May 30, 1980.[1]
Hearings were held on July 7, 8 and 9, and on October 6, 7 and 8, 1980. The hearing panel issued its proposed decision on November 4, 1980, and the Board adopted it by order dated January 7, 1981. The Board suspended appellant's physician's and surgeon's certificate for one year but stayed the suspension and placed the appellant on probation for a period of one year.
Appellant filed a petition for reconsideration with the Board which was denied on February 6, 1981. A petition for writ of mandate was *855 then filed in the superior court and judgment denying the petition was entered. This appeal followed.
Appellant contends that the proper standard of proof to be applied at the administrative level is clear and convincing proof to a reasonable certainty. The hearing panel specifically rejected this standard and held that the proper standard of proof to be applied in the matter was preponderance of the evidence.
This presents the sole issue to be determined, whether the standard of proof in an administrative hearing to revoke or suspend a medical license should be preponderance of the evidence, or whether it should be clear and convincing proof to a reasonable certainty.
It has been generally recognized that administrative proceedings, including proceedings to revoke or suspend a license, are civil rather than criminal in nature. (Petrucci v. Board of Medical Examiners (1975) 45 Cal. App.3d 83, 88 [117 Cal. Rptr. 735]; Borror v. Department of Investment (1971) 15 Cal. App.3d 531, 540 [92 Cal. Rptr. 525].) Generally, proof in civil cases is required by a preponderance of the evidence. However, in a number of situations, a greater degree of proof, usually clear and convincing evidence, is required. (Belli v. Curtis Pub. Co. (1972) 25 Cal. App.3d 384, 388 [102 Cal. Rptr. 122]; Trujillo v. City of Los Angeles (1969) 276 Cal. App.2d 333, 343 [81 Cal. Rptr. 146].)
Appellant contends that in cases involving the revocation or suspension of professional licenses, a higher degree of proof is warranted. In support of this contention, appellant cites such cases as Furman v. State Bar (1938) 12 Cal.2d 212 [83 P.2d 12]; Realty Projects, Inc. v. Smith (1973) 32 Cal. App.3d 204 [108 Cal. Rptr. 71]; and Small v. Smith (1971) 16 Cal. App.3d 450 [94 Cal. Rptr. 136], concerning disciplinary actions against attorneys and real estate brokers. Both Realty Projects and Small required that a professional licensing agency must use a higher standard of proof in disciplinary proceedings against professional licensees. (Realty Projects, Inc. v. Smith, supra, 32 Cal. App.3d at p. 212; Small v. Smith, supra, 16 Cal. App.3d at p. 457.)
Respondent argues that these cases are suspect for their reliance on Furman v. State Bar, supra, 12 Cal.2d 212. Respondent asserts that in view of the special nature of bar proceedings, Furman and cases adopting its higher standard of proof are inapplicable to a disciplinary *856 proceeding against a medical doctor. It is true that State Bar proceedings, although administrative, have been held to be of a nature all their own, neither civil nor criminal. (Emslie v. State Bar (1974) 11 Cal.3d 210, 225 [113 Cal. Rptr. 175, 520 P.2d 991]; Matter of Danford (1910) 157 Cal. 425, 430 [108 P. 322].) However, when one compares the underlying policy considerations for that distinction with the policy considerations present in the instant case, substantial similarities can be seen.
"`The State Bar Act is designed to provide a procedure whereby those attorneys at law who prove recreant to their trust may be removed from the ranks of the profession. The public, as well as the legal profession and the courts must be protected from those who do not measure up to their responsibilities.... The purpose of disbarment proceedings is not to punish the individual but to determine whether the attorney should continue in that capacity.'" (Emslie v. State Bar, supra, 11 Cal.3d at p. 225, quoting Dudney v. State Bar (1937) 8 Cal.2d 555, 563 [66 P.2d 1199].)
The purpose of an administrative proceeding concerning the revocation or suspension of a license is not to punish the individual; the purpose is to protect the public from dishonest, immoral, disreputable or incompetent practitioners. (Meade v. State Collection Agency Board (1960) 181 Cal. App.2d 774, 776 [5 Cal. Rptr. 486]; West Coast etc. Co. v. Contractors' etc. Bd. (1945) 72 Cal. App.2d 287, 301-302 [164 P.2d 811].)
Since it is apparent that the underlying purpose of disciplining both attorneys and physicians is protection of the public, it would be anomalous to require a higher degree of proof in disciplinary hearings involving attorneys or real estate agents than in hearings involving physicians. (1) Accordingly, we hold that the proper standard of proof in an administrative hearing to revoke or suspend a doctor's license should be clear and convincing proof to a reasonable certainty and not a mere preponderance of the evidence.
Respondent has relied on several cases in support of the argument that the proper standard of proof at the administrative level should be a preponderance of the evidence. These cases are Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194 [124 P.2d 14, 539 P.2d 774]; Perales v. Department of Human Resources Dev. (1973) 32 Cal. App.3d 332 [108 *857 P.2d 167]; and Pereyda v. State Personnel Board (1971) 15 Cal. App.3d 47 [92 Cal. Rptr. 746]. These are all distinguishable from the case at bar.
Perales was an action concerning the claimant's right to compensation benefits. It was held that in order to deny benefits and overcome a presumption favoring the claimant, the employer or the department had to prove by a preponderance of the evidence that the claimant quit without probable cause or was discharged for misconduct. (Perales v. Department of Human Resources Dev., supra, 32 Cal. App.3d at pp. 340-341.)
Pereyda involved an appeal by a state employee regarding his dismissal from state employment for allegedly bringing alcoholic beverages to his place of employment in violation of departmental regulations. The court held that "[t]he proceeding before the Board [was] a civil one, and hence the burden of proof requires only a preponderance of evidence." (Pereyda v. State Personnel Board, supra, 15 Cal. App.3d at p. 52.)
Skelly concerned the attempted dismissal of a state-employed physician who served as a medical consultant. The employee had served in that capacity for seven years and was accused of various deviations from the rules. The California Supreme Court held that procedural due process must be followed in disciplinary hearings to discharge or suspend a permanent employee. (Skelly v. State Personnel Bd., supra, 15 Cal.3d at p. 208.) That court also stated that the standard of proof used in state employment cases was a preponderance of the evidence. (15 Cal.3d at p. 204, fn. 19.)
A careful examination of these cases shows a difference between the policy considerations and interests involved there and those connected with the instant case. Neither Perales, Pereyda, nor Skelly was dealing with the revocation or suspension of professional licenses. Both Skelly and Pereyda involved action taken by the state against its employees. It seems only logical to require a higher standard of proof when dealing with revocation or discipline of a professional licensee as opposed to mere termination of state employment. The former affects one's right to a specific professional employment, while the latter involves only the right to be employed by a specific employer. It is the totality of professional employment opportunity involving vested interest rights which requires the higher standard.
*858 Additionally, the goals of the court in Skelly and those involved in the case at hand are fundamentally different. As was noted in Skelly, the civil service system attempts to abolish the political spoils system and promote the efficiency of state employees. (15 Cal.3d at p. 201.) These concerns are neither present nor relevant to the instant case. Further, state employees may be disciplined or terminated on grounds which would be insufficient to attack them in their licensed professions. (See Gov. Code, § 19572, subds. (c), (e), (j) and (m).)
Respondent's final contention is that it would be anomalous to apply a different standard when reviewing administrative proceedings than was applied in reaching the administrative decision. The standard of proof to be applied at a superior court writ proceeding inquiring into the validity of a final administrative order is the weight of the evidence standard. (Code Civ. Proc., § 1094.5, subd. (c).) This standard is considered to be synonymous with the preponderance of the evidence standard. (People v. Miller (1916) 171 Cal. 649, 654 [154 Cal. Rptr. 468]; Lawyer v. Los Angeles Pacific Co. (1913) 23 Cal. App. 543, 546 [118 P. 237].) However, since the superior court writ proceeding is merely a review of the administrative proceeding, the standard of proof used in the original proceeding is completely irrelevant. (Chamberlain v. Ventura County Civil Service Com. (1977) 69 Cal. App.3d 362, 370 [138 Cal. Rptr. 155].) Therefore, we conclude that respondent's contention fails.
The order denying the writ of mandate is reversed. The writ is directed to issue directing the Board to reinstate the certificate here in issue until such time as it redetermines the cause.
Ashby, J., and Hastings, J., concurred.
A petition for a rehearing was denied October 14, 1982, and respondent's petition for a hearing by the Supreme Court was denied November 10, 1982. Newman, J., and Kaus, J., did not participate therein.
NOTES
[1] The supplemental accusation was filed before the same Board alleging incompetence in the treatment of three other patients and gross negligence in the treatment of a fourth. However, the Board found no incompetence and no gross negligence in the treatment of these four patients.