[Civ. No. 64759. Second Dist., Div. Two. Apr. 18, 1983.]

JOHN WILLIAM MILLIGAN, Plaintiff and Appellant, v.
HEARING AID DISPENSERS EXAMINING COMMITTEE et al.,
Defendants and Respondents.

**COUNSEL**

Rogers & Harris and Michael Harris for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and William L. Carter, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**COMPTON, J.**—John W. Milligan appeals from a judgment of the superior court denying his petition for writ of mandate to compel respondent, the Hearing Aid Dispensers' Examining Committee (Committee),[1] to vacate and set aside a disciplinary order.

In November 1979, an accusation was filed with the Committee charging appellant, a hearing aid dispenser, with violations of the various sections of the Business and Professions Code that pertain to the fitting and sale of hearing aids. (Bus. & Prof. Code, §§ 2100, 2100.5, 2100.8, 3302, 3306, 3365, 3400, 3401.)

An administrative hearing was held, as provided by law, and appellant was found guilty of gross incompetence and misrepresentation in at least three different instances.[2] The hearing officer's proposed decision, subsequently adopted in full by the Committee, revoked appellant's license but stayed the revocation on certain terms and conditions for a period of five years.

Pursuant to Code of Civil Procedure section 1094.5, appellant applied to the superior court for a writ of administrative mandamus to review the validity of the revocation order. ■ ■ ■ ■ The court, exercising its independent judgment, found that the Committee's findings were supported by the weight of the evidence and denied the request for relief.[3]

---

[1]The Committee is part of the Division of Allied Health Professions of the Board of Medical Quality Assurance of the Department of Consumer Affairs of the State of California. (Bus. & Prof. Code, § 3302.)

[2]Business and Professions Code section 3401 provides in pertinent part: "The board may suspend or revoke a license, or impose conditions of probation upon a licensee, for any of the following causes: (a) Gross incompetency which includes, but is not limited to the improper or unnecessary fitting of a hearing aid. . . . (e) Fraud or misrepresentation in the fitting or selling of a hearing aid."

[3]We note here that the superior court's findings of fact and conclusions of law are not part of the record. Appellant contends, however, that he petitioned the court for a statement of decision pursuant to Code of Civil Procedure section 632. He assigns as error the trial court's failure to respond to that petition. Respondent correctly points out that the request of any party appearing at trial for a statement of decision shall be "made prior to submission of the matter for decision" in a case where "the trial has lasted less than one day." (Code Civ. Proc., § 632.) According to appellant's own admission the trial in the instant case took less than one day. His request for a statement of decision, however, was not made until nearly three weeks after submission of the matter. Appellant argues that the court's *preparation* for trial must have taken more than one day, thus relieving him of his responsibility to make a timely request before the conclusion of the hearing. This allegation finds no support in the record or the law. Moreover, the trial court was under no duty to prepare findings of fact and conclusions of law in the absence of a timely request. (Rule 232, Cal. Rules of Court; *Small* v. *Smith* (1971) 16 Cal.App.3d 450, 455 [94 Cal.Rptr. 136].) There was no error. Accordingly, we apply the well settled rule that all findings, whether express or implied, will be construed to support the judgment. (*Id.* at p. 455.)

Although appellant urges us to reverse on several different grounds, his principal attack upon the judgment is directed at the sufficiency of the evidence. Our function, however, is to review errors of law and not to pass on questions of fact. ■ Even where the trial court must exercise its independent judgment on the evidence, the power of an appellate court begins and ends with a determination as to whether there is *any* substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact. (*Franz* v. *Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 135 [181 Cal.Rptr. 732, 642 P.2d 792]; *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242].)

When two or more inferences can be reasonably deduced from the facts, the reviewing court is without authority to substitute its deductions for those of the trial court. All conflicts in the evidence therefore must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the judgment. (*Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308 [196 P.2d 20].)

■ After a thorough review of the record, we have concluded that the findings of misconduct are both logically and legally consistent and supported by the evidence adduced at the administrative hearing.

At the time of the hearing, appellant had been in the hearing aid business for over a decade and a state licensed dispenser since 1976. From that year until 1978, he was employed by the Beltone Hearing Aid Center in San Gabriel, California.

During 1976 and 1977, appellant conducted examinations of three elderly individuals, Joseph Vanderhaeven, George Dill, and Josephine Behn, who each complained of hearing difficulties. The series of events that transpired in each instance are essentially similar. After performing a series of tests allegedly designed to adequately evaluate the hearing capability of the client, and recording the results, appellant recommended that certain technologically advanced aids sold by the Beltone Company could significantly improve the quality of hearing. Guarantees then were made that the purchase price, ranging from $900 to $1,300, would be refunded if the aids proved unsatisfactory.

After receiving and using the specially designed devices, both Vanderhaeven and Dill complained that their hearing had not been improved and demanded a refund in accordance with the promise of a money back guarantee. Although appellant and his immediate supervisor, Mr. Landry, attempted to correct the problems experienced by both men, no refunds were forthcoming. Only after the intervention of the Ethics Committee of the California Hearing Aid Asso-

ciation did Vanderhaeven succeed in having his money returned. Dill, however, never received a refund.

During the course of the hearing, testimony was elicited from both licensed dispensers and clinical audiologists that the tests performed by appellant were, for the most part, grossly inadequate. The audiograms (i.e., the results of the examinations conducted) of each complaining witness were submitted into evidence and analyzed by at least one of the qualified experts. In virtually every instance, the review of the examination results established that appellant had failed to perform bone conduction and/or aided and unaided discrimination score testing. The record makes clear that these tests were essential to an adequate determination of possible medical pathology and the extent of hearing loss. The analysis of the relevant audiograms further established that, in the opinion of those testifying, the hearing aids sold to Vanderhaeven and Dill were either unnecessary or inadequate.

One of appellant's own witnesses, Robert Cones, testified that as chairman of the Ethics Committee of the California Hearing Aid Association he had received a total of seven complaints involving appellant. All complaints were verified and related to promises of money back guarantees for unsatisfactory hearing aids. Each incident required Cones' intervention to obtain a refund.

Additional evidence established that a false and misleading sales technique manual was in common use as a training device for employees of the Beltone Center. Several of the representations made by appellant to Dill, Vanderhaeven and Behn were similar to the material contained in the booklet.[4]

Although appellant disputes much of the testimony introduced at the hearing and claims that his testing procedures were adequate to suit the needs of each client, we find the evidence sufficient to support the finding of gross incompetence. While it is true that neither the Business and Professions nor Administrative Codes set forth precise standards for the testing of hearing deficiencies, that fact constitutes no defense to the accusations made here.

As in medical malpractice cases, standards of due care and competence are commonly established by the generally accepted practices and procedures within the professional community. (*Franz* v. *Board of Medical Quality Assurance, supra,* 31 Cal.3d at p. 138; *Gore* v. *Board of Medical Quality Assurance* (1980) 110 Cal.App.3d 184, 195-198 [167 Cal.Rptr. 881].) In the case under review, testimony was elicited from both learned audiologists and highly

---

[4]Respondent argues that since the training manual was not made part of the record, we should summarily reject appellant's contentions and dismiss the instant appeal. We disagree. The record, as it presently stands, is sufficiently complete to allow review of appellant's contentions.

trained hearing aid dispensers that proved appellant did not meet the standard of due care expected from those who serve in his particular profession. Under the circumstances, the representations made to Dill and Vanderhaeven that appellant's tests could adequately evaluate their hearing difficulties were simply not true.

Appellant goes on to argue that it was his employer, the Beltone Center, that refused to honor the money back guarantees promised his clients and that therefore he should not be held responsible. This argument misses the point. Based upon his past experience with Beltone in the matter of refunds, his knowledge of the misleading sales manual, and his past involvement in seven investigations conducted by the ethics committee, appellant knew or should have known that his representations of money back guarantees were false and misleading.

Contrary to his assertions, appellant was not found guilty of incompetence and misrepresentation for his association with what may be termed a disreputable business establishment, but rather for his own unprofessional misconduct. Substantial evidence was introduced in relation to each of the findings made.

Appellant next contends that the administrative judge, at the time of the hearing, applied an erroneous standard of proof in determining that he violated the aforementioned disciplinary statutes. Arguing that he was found guilty only by a preponderance of the evidence, appellant refers us to the recent case of *Ettinger* v. *Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853 [185 Cal.Rptr. 601] (hg. den. Nov. 10, 1982) in support of his contention that a higher standard of proof was required.

In *Ettinger,* Division Five of this court held that "the proper standard of proof in an administrative hearing to revoke or suspend a doctor's license should be *clear and convincing proof to a reasonable certainty* and not a mere *preponderance of the evidence.*" (*Id.* at p. 856; italics in original.) While appellant asks us to apply this rule to his case, respondent maintains that we are precluded from doing so because the issue was raised neither at the administrative hearing nor in the superior court. Our independent review of the record convinces us that respondent's position is correct.

The hearing officer in his findings, which the Committee adopted, did not set forth the standard of proof that he applied in reaching the conclusion that appellant was guilty of gross incompetence and misrepresentation. Appellant claims, however, that the issue was in dispute throughout the hearing and was vigorously argued at the conclusion of the proceedings. These assertions are not borne out by the record. The transcript of the hearing, some 690 pages in length, contains no reference whatsoever to the standard of proof that was being

applied by the administrative law judge. Argument of the case was not transcribed and therefore is not part of the record before this court. Moreover, the petition for administrative mandamus filed in the superior court contains no allegation that the hearing officer erred and abused his discretion by applying an erroneous standard of proof.

The record in this case is in marked contrast to the one presented to the court in *Ettinger*. Appellant in that case raised the contested issue before the administrative tribunal and at the superior court level. As a result, the sole question on appeal related to the standard of proof. (See also *Small* v. *Smith* (1971) 16 Cal.App.3d 450, 458 [94 Cal.Rptr. 136]; *Realty Projects, Inc.* v. *Smith* (1973) 32 Cal.App.3d 204, 213 [108 Cal.Rptr. 71].)

It is well settled that issues of the type involved here cannot be raised for the first time on appeal. In *Bohn* v. *Watson* (1954) 130 Cal.App.2d 24, 37 [278 P.2d 454], the court stated: "It was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or 'skeleton' showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court. [Citation.] The rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play."

Clearly, the issue of proof presented in the case at bench was not raised in any previous proceeding. There has been no showing that the administrative judge applied an erroneous standard in arriving at his findings. The rule articulated in *Ettinger* simply extended the standard of proof required in other professional disciplinary matters to physicians. That standard, clear and convincing proof to a reasonable certainty, has been applied in numerous other instances where the revocation or suspension of licenses was involved. (See *Furman* v. *State Bar* (1938) 12 Cal.2d 212 [83 P.2d 12]; *Realty Projects, Inc.* v. *Smith, supra,* 32 Cal.App.3d 204; *Small* v. *Smith, supra,* 16 Cal.App.3d 450; *Cornell* v. *Reilly* (1954) 127 Cal.App.2d 178 [273 P.2d 572]; *Coffman* v. *Board of Architectural Examiners* (1933) 130 Cal.App. 343 [19 P.2d 1002].) Accordingly, in the face of a silent record, we choose to apply the established principle that "official duty has been regularly performed" (Evid. Code, § 664) and presume that the hearing officer in the instant case applied the correct standard of proof. (Cf. *People* v. *Jimenez* (1978) 21 Cal.3d 595, 609 [147 Cal.Rptr. 172, 580 P.2d 672].)

Appellant's remaining contentions do not merit discussion.

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.