[No. H014311. Sixth Dist. Nov. 22, 1996.]

SAN BENITO FOODS, Plaintiff and Appellant, v.
ANN M. VENEMAN, as Director, etc., Defendant and Respondent;
MORENO FARMS, Real Party in Interest.

## COUNSEL

Sagaser, Hansen, Franson & Jamison and Donald R. Franson, Jr., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Roderick Walston, Chief Assistant Attorney General, Jan S. Stevens, Assistant Attorney General, Richard M. Frank and Christine Sproul, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Real Party in Interest.

## OPINION

**MIHARA, J.**—The only questions presented in this appeal are what the correct standard of proof is in an administrative proceeding involving a threatened suspension or revocation of a food processing license and what the correct standard of review is in the superior court when a writ of administrative mandamus is sought to overturn the administrative agency's decision to impose a stayed suspension of such a license on condition that a sum of money be paid by the licensee. We conclude that the administrative agency correctly utilized the preponderance of the evidence standard of proof, but the superior court erroneously applied the substantial evidence standard of review rather than the appropriate "independent judgment" standard of review. Thus, we reverse the superior court's order denying the petition and remand this matter to the superior court for review under the appropriate standard.

### FACTS

Plaintiff is a food processor and holds a food processing license issued by defendant. In September 1991, plaintiff refused to accept tomatoes for

processing from real party Moreno Farms. Moreno Farms filed a complaint against plaintiff with defendant. Defendant conducted an investigation and subsequently brought an action against plaintiff seeking to "take disciplinary action against [plaintiff's] license" for violation of Food and Agricultural Code section 55873. After an extensive administrative hearing, a hearing officer determined that plaintiff had violated this statute, and the hearing officer recommended that plaintiff's license be suspended but that the suspension be stayed on condition that plaintiff pay $7,560 in compensation to Moreno Farms. The hearing officer determined that $7,560 was the amount that Moreno Farms had lost because of plaintiff's wrongful rejection of its tomatoes. The hearing officer explicitly stated that he was utilizing the "preponderance of the evidence" standard of proof. In September 1993, defendant accepted the hearing officer's findings and imposed the recommended stayed suspension.

Plaintiff sought a writ of administrative mandamus from the San Benito County Superior Court pursuant to Code of Civil Procedure section 1094.5. Plaintiff challenged the hearing officer's findings and claimed that the hearing officer's findings were invalid because the hearing officer had utilized "an improper standard of proof." Plaintiff asserted that the superior court was required to exercise its "independent judgment" in determining whether the hearing officer's findings were consistent with the evidence. The superior court held that the hearing officer had properly applied the "preponderance of the evidence" standard of proof in making its findings. Deciding that "substantial evidence" supported the hearing officer's findings, the superior court denied plaintiff's petition. Plaintiff filed a timely notice of appeal.

## ANALYSIS

Plaintiff claims that the administrative hearing officer was required to apply a *clear and convincing evidence* standard of proof and the superior court was required to review the administrative decision utilizing an *independent judgment* standard of review. Defendant responds that the administrative hearing officer was not required by any authority to utilize a standard of proof other than preponderance of the evidence and the superior court properly applied the "substantial evidence" standard of review.

### A. *Standard of Proof Utilized by Administrative Agency*

■ Plaintiff asserts that the administrative hearing officer was required "by law" to utilize a clear and convincing evidence standard of proof. "Except as otherwise provided *by law*, the burden of proof requires proof by

a preponderance of the evidence." (Evid. Code, § 115, italics added.) Plaintiff has failed to locate any "law" which supports its claim that the appropriate standard of proof in this administrative proceeding was anything other than preponderance of the evidence. The statutes which govern granting, suspending and revoking food processing licenses do not reflect that the applicable standard of proof in a proceeding to suspend or revoke such a license is "clear and convincing" evidence. "A person shall not act as a [food] processor . . . unless he has first obtained a license . . . ." (Food & Agr. Code, § 55521.) Defendant is statutorily authorized to suspend or revoke a food processor's license or place a licensee on probation if it "is *satisfied* that the licensee has violated any provision of this chapter . . . ." (Food & Agr. Code, § 55749, italics added.)

Plaintiff asserts that a food processor's license is analogous to a professional license and therefore merits utilization of the same standard of proof that is required to revoke a professional license. In *Ettinger* v. *Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853 [185 Cal.Rptr. 601], the Court of Appeal held that the appropriate standard of proof in an administrative hearing to revoke a professional medical license was clear and convincing evidence. "The purpose of an administrative proceeding concerning the revocation or suspension of a license is not to punish the individual; the purpose is to protect the public from dishonest, immoral, disreputable or incompetent practitioners." (*Ettinger* at p. 856.) "It is the totality of *professional* employment opportunity involving vested interest rights which requires the higher standard." (*Ettinger* at p. 857, italics added.)

Defendant attacks this analogy and argues that a food processor's license is not substantially similar to a professional license but is more similar to a license to operate a substance abuse treatment facility (Health & Saf. Code, § 11834.30), a child day-care facility (Health & Saf. Code, § 1596.80) or a health care facility (Health & Saf. Code, §§ 1251, 1254). The Legislature has expressly provided that licenses to operate these types of facilities may be revoked or suspended using a preponderance of the evidence standard of proof. (Health & Saf. Code, §§ 1428, subd. (e), 11834.37, subd. (b), 1596.887, subd. (b).) Defendant maintains that the Evidence Code section 115 presumption that the standard of proof is preponderance of the evidence has not been rebutted by any statute or case authority. Defendant points out that the statutes and case authority governing other licenses indicate that other licenses similar to a food processor's license may be revoked using a preponderance standard of proof. Defendant argues that it follows that the higher standard of clear and convincing evidence applies only to professional licenses, and, because a food processor's license is unlike a professional license, the correct standard of proof in an administrative proceeding to revoke a food processor's license is preponderance of the evidence.

We agree with defendant on this issue. A food processor's license is more similar to a license to operate a facility which provides care to persons than it is to a professional license. As defendant points out, a food processor's license can be obtained without meeting any educational, training or skill requirements. The only specific requirements for obtaining a food processor's license are that the applicant show "character, responsibility, and good faith" and a sound financial status. (Food & Agr. Code, §§ 55523.1, 55523.2, 55523.3, 55523.4, 55523.5, 55525, 55526, 55527.6.) Even applicants for licenses to run facilities which provide care to persons are generally required to meet some additional requirements. In contrast, in order to obtain a *professional* license, an applicant must ordinarily satisfy extensive educational and training requirements and pass a rigorous state-administered examination. (Bus. & Prof. Code, §§ 2080, 2088, 2089, 2096, 2103 [medical], 2942-2945 [psychology], 4848 [veterinary], 4980.37, 4980.40, 4980.41, 4980.43, 4980.50 [marriage, family and child counseling], 6060 [law].)

This sharp distinction between professional licenses, on the one hand, and food processing and other nonprofessional licenses, on the other, supports the distinction in the standards of proof applicable in proceedings to revoke these two different types of licenses. Because a professional license represents the licensee's fulfillment of extensive educational, training and testing requirements, the licensee has an extremely strong interest in retaining the license that he or she has expended so much effort in obtaining. It makes sense to require that a higher standard of proof be met in a proceeding to revoke or suspend such a license. The same cannot be said for a licensee's interest in retaining a food processor's license. "Proof by clear and convincing evidence is required 'where particularly important individual interests or rights are at stake,' such as the termination of parental rights, involuntary commitment, and deportation. . . . However, 'imposition of even severe civil sanctions that do not implicate such interests has been permitted after proof by a preponderance of the evidence.' " (*Weiner* v. *Fleischman* (1991) 54 Cal.3d 476, 487 [286 Cal.Rptr. 40, 816 P.2d 892], citations omitted.) While plaintiff's license to process food is important to the economic viability of plaintiff's business, a license to process food is not a *particularly* important *individual* interest or right. Unlike the many time-consuming requirements which must be satisfied in order for an individual to obtain a professional license, the requirements for obtaining a food processor's license do not require the applicant to satisfy burdensome requirements but merely require the applicant to show good character and a sound financial position. Consequently, there is no rational basis for treating a food processor's license in the same manner as a professional's license. Because no "law" requires that a standard of proof other than preponderance of the evidence be applied in administrative proceedings to suspend or revoke a

food processor's license, Evidence Code section 115 governs the standard of proof in proceedings to revoke or suspend a food processor's license. The administrative hearing officer did not err in utilizing the preponderance of the evidence standard of proof.

## B. *Standard of Review Exercised by Trial Court*

Plaintiff maintains that the trial court erroneously utilized a "substantial evidence" standard of review when the appropriate standard of review was "independent judgment." We are compelled to agree.

"The inquiry in [administrative mandamus proceedings in the superior court] shall extend to the questions whether the respondent has proceeded without or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).) "Where it is claimed that the findings are not supported by the evidence, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, abuse of discretion is established if the court determines that the findings are not supported by the weight of the evidence. In all other cases, abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record." (Code Civ. Proc., § 1094.5, subd. (c).)

The Legislature left to the courts the determination of which cases merit independent judgment review and which require only substantial evidence review in administrative mandamus proceedings in the superior court. The California Supreme Court has set forth standards by which to judge which cases merit independent judgment review in the superior court. "By carefully scrutinizing administrative decisions which *substantially affect vested, fundamental rights*, the courts of California have undertaken to protect such rights, and particularly the right to practice one's trade or profession, from untoward intrusions by the massive apparatus of government. If the decision of an administrative agency will substantially affect such a right, the trial court not only examines the administrative record for errors of law but also exercises its independent judgment upon the evidence disclosed in a limited trial de novo. [¶] If the administrative decision does not involve, or substantially affect, any fundamental vested right, the trial court must still review the entire administrative record to determine whether the findings are supported by substantial evidence and whether the agency committed any errors of law, but the trial court need not look beyond that

whole record of the administrative proceedings." (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143-144 [93 Cal.Rptr. 234, 481 P.2d 242], fns. omitted.)

Exactly which rights are both vested and fundamental has also been further defined by the courts. A license which has already been obtained has been held to be *vested*, while whether the underlying right is considered *fundamental* must be considered "from the standpoint of its economic aspect or its 'effect . . . in human terms and the importance . . . to the individual in the life situation.' " (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34 [112 Cal.Rptr. 805, 520 P.2d 29].) "[T]he crucial question [in determining whether a right is fundamental] is not the actual amount of harm or damage in the particular case but the essential character of the right in human terms. Thus, the critical area of focus is the nature of the right . . . ." (*Dickey* v. *Retirement Board* (1976) 16 Cal.3d 745, 751 [129 Cal.Rptr. 289, 548 P.2d 689].)

█ Defendant claims that plaintiff's food processor's license was not fundamental because the actual sanction imposed as a result of the administrative hearing did not threaten or impinge on plaintiff's "economic viability." However, as we have already noted, the California Supreme Court has explicitly stated that the fundamental nature of the right must be determined by looking at "the nature of the right" rather than the "actual amount of harm or damage in the particular case . . . ." (*Dickey* v. *Retirement Board, supra*, 16 Cal.3d at p. 751.) In *Interstate Brands* v. *Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770 [163 Cal.Rptr. 619, 608 P.2d 707], the California Supreme Court held that a business's "right to be free of erroneous charges to its unemployment insurance reserve account" was a fundamental vested right which merited utilization of the independent judgment standard of review in an administrative mandamus proceeding. " 'The imposition of an erroneous charge against an employer's account, with the attendant consequence of his having to pay an increased contribution, amounts to a wrongful deprivation of property. The petitioner, as a contributing employer, has a vital interest in the status or condition of its reserve account and since the administrative decision here in question may affect its financial responsibility to the unemployment fund, a sufficient right of property is involved to entitle it to a limited trial de novo as to the propriety of the charges made against its account.' . . ." (*Interstate Brands* at p. 776, citation and italics omitted.)

A decision that a right is "fundamental" may be based on either "the character and quality of its economic aspect" or "the character and quality of its human aspect." (*Interstate Brands* v. *Unemployment Ins. Appeals Bd.*, *supra*, 26 Cal.3d at p. 780.) In *Post* v. *Jacobsen* (1960) 180 Cal.App.2d 297

[4 Cal.Rptr. 817], the appellate court indicated that the trial court was required to utilize its independent judgment in reviewing the decision of an administrative agency to suspend a farm produce dealer's license. (*Id.* at p. 301.) The California Supreme Court cited *Post* in *Bixby* with apparent approval on the issue of what type of right merited independent judgment review. (*Bixby* v. *Pierno, supra,* 4 Cal.3d at p. 143, fn. 9.) Similarly, in *Almaden-Santa Clara Vineyards* v. *Paul* (1966) 239 Cal.App.2d 860 [49 Cal.Rptr. 256], the appellate court held that the trial court was required to exercise its independent judgment in reviewing an administrative agency's decision to suspend a farm products processor's license. (*Almaden-Santa Clara Vineyards* v. *Paul, supra,* 239 Cal.App.2d at pp. 865-866.)

In view of this authority, we cannot hold that plaintiff's food processor's license did not constitute a fundamental vested right. While the administrative agency's decision had a purely economic effect on plaintiff and the amount of the penalty that plaintiff was actually required to pay was not extraordinary, the nature of the right itself was crucial to plaintiff's economic viability as a food processor. Since the superior court expressly indicated that it was utilizing a "substantial evidence" standard of review rather than the appropriate "independent judgment" standard of review, it erred and reversal is required. (*Webster* v. *Trustees of Cal. State University* (1993) 19 Cal.App.4th 1456, 1462-1463 [24 Cal.Rptr.2d 150].)

## DISPOSITION

The superior court's order denying plaintiff's petition for a writ of administrative mandamus is reversed. The superior court shall consider the petition anew utilizing its independent judgment in reviewing the administrative agency's decision. Plaintiff shall recover its costs on appeal.

Cottle, P. J., and Bamattre-Manoukian, J., concurred.