[No. B210072. Second Dist., Div. Three. May 26, 2010.]

SCOTT SANDARG, Plaintiff and Appellant, v.
DENTAL BOARD OF CALIFORNIA, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 2., 3., 4., 5.a. of the Background portion and parts 2., 3., 4.b. and 5. of the Discussion portion.

**COUNSEL**

Norman L. Schafler for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, Alfredo Terrazas, Marc D. Greenbaum, Linda K. Schneider and Shawn Paul Cook, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

The Dental Board of California (board) revoked Scott Sandarg's dental license after adopting a decision by an administrative law judge. Sandarg filed a petition for a writ of mandate in the superior court seeking reinstatement of his license. The superior court denied Sandarg's petition. We affirm.

We publish a portion of this opinion in order to address an issue of first impression: What is the standard of proof for a petition to revoke a dental licentiate's probation? We shall conclude that the standard of proof is preponderance of the evidence.

## BACKGROUND

1. *The Initial Revocation of Sandarg's License and the Placement of Sandarg on Probation*

Sandarg obtained a license to practice dentistry in California in 1997. Shortly after obtaining his license, Sandarg commenced a course of conduct that led to disciplinary action.

In 1999, the board filed an accusation against Sandarg for self-furnishing of a controlled substance and alteration of patient charts.[1] In March 2000, the board and Sandarg entered into a stipulation in settlement of the accusation, which became effective as of April 17, 2000.

Under the stipulation Sandarg admitted that in violation of Business and Professions Code section 1680, subdivisions (m) and (s), he unlawfully used anabolic steroids in 1998 and 1999 to enhance his participation in martial arts. Sandarg further admitted that he falsely told board investigators that he used steroids to treat his patients and that he altered his patient records to support this false story.

The stipulation provided that Sandarg's license was revoked. However, the revocation order was stayed and Sandarg was placed on probation, subject to 15 terms and conditions, for a period of five years ending on April 17, 2005. (See Bus. & Prof. Code, § 1671.) There were five terms and conditions of probation that are relevant here: (1) condition No. 2 required Sandarg to participate in a diversion program if the program manager determined that his participation would be appropriate; (2) condition No. 3 required Sandarg to obey all federal, state and local laws and regulations governing the practice of dentistry, and to remain in full compliance with any court-ordered criminal probation, payments and other requirements; (3) condition No. 4 required Sandarg to submit quarterly declarations under penalty of perjury on the board's quarterly report compliance forms stating whether he complied with all the conditions of probation; (4) condition No. 7 required Sandarg to inform the board in writing within 15 days of any change of address of his practice or residence; and (5) condition No. 12 required Sandarg to abstain from all use and possession of controlled substances unless legally prescribed for medically or dentally diagnosed health reasons for a bona fide illness or medical/dental condition.

In addition, the stipulation provided that if Sandarg violated any terms of the probation, the board could set aside its stay order and revoke Sandarg's

---

[1] A hearing to determine whether a right, authority, license or privilege by a holder of a license to practice dentistry is initiated by the board filing an "accusation." (Gov. Code, § 11503; see also Bus. & Prof. Code, §§ 1670, 1601.1.)

license. Further, the stipulation stated that if, during the period of probation, an accusation or petition to revoke probation was filed against Sandarg's license or the Attorney General's office was requested to prepare an accusation or petition to revoke probation during that time, the probationary period would be automatically extended and would not expire until the accusation and/or petition to revoke probation was acted upon by the board.

2.–4.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. *The 2006 Accusation and Petition to Revoke Probation*

In September 2006, the board filed an accusation and petition to revoke probation.

a. *The Accusation**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

b. *The Petition to Revoke Probation*

In the petition to revoke probation, the board alleged that Sandarg failed to comply with the conditions of his probation. Specifically, Sandarg allegedly failed to comply with condition No. 2 because he did not complete a diversion program; failed to comply with condition No. 3 in that he was convicted of various crimes and was in possession of controlled substances and dangerous drugs without a valid prescription; failed to comply with condition No. 4 because his quarterly reports did not disclose that he was arrested and misrepresented that he had abstained from the use of drugs; failed to comply with condition No. 7 because he did not advise the board of changes to his residential address; and failed to comply with condition No. 12 because he did not abstain from using and possessing controlled substances.

6. *The Administrative Law Judge's Proposed Decision*

In September and October 2007, Administrative Law Judge Timothy Thomas held a hearing on the board's accusation and petition to revoke probation. On November 8, 2007, Judge Thomas issued a 49-page proposed decision, which included detailed factual findings and legal conclusions. The proposed decision stated that the standard of proof for the accusation was

---

*See footnote, *ante*, page 1434.

clear and convincing evidence, and that the standard of proof for a petition to revoke probation was the preponderance of the evidence.

With respect to the accusation, the proposed decision stated that the board proved by clear and convincing evidence that cause existed for all of the causes of discipline except for the fourth cause. As a remedy, the proposed decision ordered that Sandarg's license be revoked.

The proposed decision further stated that the board proved by a preponderance of the evidence that cause existed to grant the board's petition because Sandarg violated probation conditions Nos. 3, 4, 7 and 12. As a remedy, the proposed decision ordered that Sandarg's probation be revoked and that the stay of the order dated April 17, 2000, revoking Sandarg's license be lifted. Finally, the proposed decision ordered Sandarg to pay $41,894.70 for the reasonable costs of investigation and enforcement of the matter.

On December 19, 2007, the board adopted the proposed decision, effective January 21, 2008.

### 7. Proceedings in the Superior Court

On January 8, 2008, Sandarg filed a petition for a writ of administrative mandate. In his petition, Sandarg prayed for an order requiring the board to set aside Judge Thomas's proposed decision and an order reinstating Sandarg's dental license.

On June 25, 2008, the superior court issued an order denying the petition. The order adopted a 12-page detailed tentative ruling of the court setting forth the court's factual findings and legal conclusions. The court concluded with the following statement: "The evidence that supports discipline of Petitioner's License and revocation of his Probation is extensive. Sandarg's probation required that he obey all laws. He violated that condition when he was convicted for possession/use of methamphetamine in February, 2004. He violated condition four, that he file quarterly reports under oath, when he did not disclose his arrest for methamphetamine; did not disclose that he had been cited for unsafe operation of a water craft; and when he falsely claimed that he had abstained from the unauthorized use of drugs.

"Sandarg violated condition seven of his probation when he failed to notify the Board in writing of his address changes and that he was living at two different addresses.

"Condition twelve of probation required that Sandarg abstain from the 'use and possession of controlled substances unless legally prescribed for medically or dentally diagnosed health reasons for a bona fide illness or

medical/dental condition.' He violated this condition: when he used and possessed methamphetamine on February 20, 2004; when he obtained Hydrocodone over the Internet without an exam, when he wrote prescriptions for Hydrocodone, Vicoprofen, Cyclobenzaprine, Robaxin, Vioxx and Methocarbamol to himself, when he used the possessed anabolic steroids without valid prescriptions, when he possessed two 'manufacturer's bottles' of Alprazolam (Xanax) at his residence, and when he possessed prescriptions for Cyclobenzaprine and Alprazolam (Xanax) ostensibly prescribed by Dr. Dinh, who stated that he did not issue such prescriptions.

"Sandarg is an unapologetic and unreformed abuser of illegal and prescription drugs alike, with apparently no interest whatsoever in rehabilitation. The Board was justified in revoking his license, on a preponderance of the evidence as a probation violation and on clear and convincing evidence as an original revocation proceeding."

Judgment was entered in favor of the board and against Sandarg on July 28, 2008. This appeal followed.

## CONTENTS

Sandarg contends that the superior court should have granted his petition with respect to the board's accusation on the grounds that he was not convicted of any crimes, there was no admissible evidence of his long-term possession and abuse of controlled substances, there was insufficient evidence to support Judge Thomas's findings, and the board intentionally withheld evidence from its own expert toxicologist, Fred Fung, M.D. With respect to revocation of his probation, Sandarg contends that the superior court should have granted his petition on the grounds that Judge Thomas applied the wrong standard of proof, that his probation period was not extended as the board contends and thus the period expired, and that Judge Thomas erroneously concluded that the terms of Sandarg's probation were violated. Finally, Sandarg argues that the award of costs should be overturned because Judge Thomas erroneously refused to compel a deputy attorney general to testify regarding the matter and because there was insufficient evidence to support the amount of the costs awarded.

We shall address Sandarg's argument that Judge Thomas applied the wrong standard of proof in the published portion of the opinion. All other arguments are addressed in the unpublished portion of the opinion.

## DISCUSSION

1. *Standard of Review*

" ' "The right to practice one's profession is a fundamental vested right and if a person's license to practice that profession is revoked by an administrative agency, when a petition for a writ of mandate is brought for restoration of the license, the trial court must apply its independent judgment to its review of the facts underlying the administrative decision. [Citations.]" ' " (*Green v. Board of Dental Examiners* (1996) 47 Cal.App.4th 786, 795 [55 Cal.Rptr.2d 140] (*Green*).)

" ' "Under the independent judgment rule, the trial court must weigh the evidence and make its own determination as to whether the administrative findings should be sustained. When an appeal is taken from the trial court's determination, it is given the same effect as any other judgment after trial rendered by the court: the only question is whether the *trial court's* (not the administrative agency's) findings are supported by substantial evidence. [Citation.] Conflicts in the evidence must be resolved in favor of the judgment and where two or more inferences can be reasonably drawn from the facts, the reviewing court must accept the inferences deduced by the trial court." [Citation.] However, ". . . the trial court's legal conclusions are open to our examination to determine if errors of law were committed." [Citation.]

" ' "Evidence is substantial if any reasonable trier of fact could have considered it reasonable, credible and of solid value." [Citation.] Additionally, a reviewing court "may look to the findings in [the administrative agency's] decision for guidance in determining whether the trial court's judgment is supported by substantial evidence." [Citation.]' " (*Green, supra,* 47 Cal.App.4th at p. 796.)

2., 3.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante*, page 1434.

### 4. *Sandarg Failed to Show Any Errors in the Trial Court's Conclusion That the Board Was Justified in Revoking Sandarg's Probation*

### a. *The Administrative Law Judge and Trial Court Used the Correct Standard of Proof*

Sandarg argues that the administrative law judge and the trial court erroneously used the preponderance of evidence standard of proof in adjudicating the board's petition to revoke Sandarg's probation. He contends that the correct standard of proof was clear and convincing evidence. Sandarg is wrong.

■ "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." (Evid. Code, § 115.) Sandarg does not cite, and we are not aware of, any specific law regarding the standard of proof for a petition to revoke a dental licentiate's probation. Accordingly, the board was required to prove its allegations by a preponderance of evidence.

Sandarg correctly points out that the standard of proof to revoke a professional license is clear and convincing evidence. (*Ettinger v. Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853, 856 [185 Cal.Rptr. 601].) The administrative law judge and the trial court applied that standard with respect to the board's accusation. But that same standard did not apply to the board's petition to revoke Sandarg's probation.

The courts have addressed a similar issue in criminal cases. The standard of proof in a criminal case is, of course, beyond a reasonable doubt. (Pen. Code, § 1096.) However, once a convicted criminal is placed on probation, the government is not required to prove beyond a reasonable doubt that he or she violated the terms of probation in order revoke probation. Rather, the "standard of proof required for revocation of probation is a preponderance of evidence to support the violation." (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965 [66 Cal.Rptr.3d 104].)

■ The same analysis applies here. While the board is required to prove the allegations in an accusation by clear and convincing evidence, it is only required to prove the allegations in a petition to revoke probation by a preponderance of the evidence.

 b. *There Was Substantial Evidence to Support a Finding That the Probation Period Was Extended**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

 5. *Sandarg Failed to Show Any Errors in the Trial Court's Judgment Affirming the Costs Awarded by the Board**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. The board is awarded costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

---

*See footnote, *ante*, page 1434.